IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ARIZONA

Ricardo Herrera Duran,

Petitioner,

v.

Eric Rokosky, et al.,

Respondents.

No. CV-26-05021-PHX-JEM

**ORDER**

Petitioner filed this action under 28 U.S.C. § 2241 on July 17, 2026, challenging his arrest despite a preliminary injunction enjoining arrests of individuals with pending U-visa applications and his detention and classification as subject to mandatory detention despite his decade-long presence in the United States.  (Doc. 1 ¶¶ 11, 24, 28.)  Pursuant to General Order 26-09, the Court electronically served the Petition on Respondents and issued the Standard Scheduling Order, which required Respondents to respond to the Petition within seven days.  (Docs. 4, 5.)  Respondents' response deadline was July 24, 2026, but that deadline has now expired, and Respondents did not file a response.

Based on the unrebutted allegations in the Petition, the Court finds that Petitioner is not "seeking admission" such that he is subject to detention under 8 U.S.C. § 1225(b)(2)(A).  *See Lopez-Campos v. Raycraft*, 175 F.4th 713 (6th Cir. 2026); *Hernandez Alvarez v. Warden, Fed. Det. Ctr. Miami*, 175 F.4th 1258 (11th Cir. 2026); *Castanon-Nava v. U.S. Dep't of Homeland Sec.*, 161 F.4th 1048 (7th Cir. 2025); *Cunha v. Freden*, 175 F.4th 61 (2d Cir. 2026); *Echevarria v. Bondi*, No. CV-25-03252-PHX-DWL (ESW), 2025

WL 2821282 (D. Ariz. Oct. 3, 2025).   Further, because Respondents fail to address Petitioner's arrest despite the preliminary injunction entered in *Immigr. Ctr. for Women & Children v. Noem*, No. 2:25-cv-09848-AB-AS, 2026 WL 1455004 (C.D. Cal. May 20, 2026), which restored the Government's practice of protecting U-visa petitioners from arrest and removal, the Court finds the argument waived.   *See N-E-M-B v. Wamsley*, No. 3:25-CV-0989-SI, 2025 WL 3527111, at *1 (D. Or. Dec. 9, 2025) ("Respondents do not challenge any aspect of the Petition on the merits and thus the Court finds that Respondents have waived such challenges and conceded those aspects of the Petition."); *Soleimani v. LaRose*, No. CV-25-03082-DMS-DEB, 2025 WL 3268412, at *3 (S.D. Cal. Nov. 24, 2025) (granting petition because "[b]y failing to respond to the claims actually asserted, Respondents have conceded the claims"); *cf. Jenkins v. Cnty. of Riverside*, 398 F.3d 1093, 1095 n.4 (9th Cir. 2005) ("Jenkins abandoned her other two claims by not raising them in opposition to the County's motion for summary judgment.").

The Petition will therefore be granted, and Petitioner will be ordered released from custody immediately.   *Munaf v. Geren*, 553 U.S. 674, 693 (2008) ("The typical remedy for [unlawful] detention is, of course, release."); *see also Preiser v. Rodriguez*, 411 U.S. 475, 484 (1973) ("[T]he traditional function of the writ is to secure release from illegal custody.").

**IT IS THEREFORE ORDERED** that Petitioner's Petition for Writ of Habeas Corpus (Doc. 1) is **granted**.

**IT IS FURTHER ORDERED** that Respondents must immediately release Petitioner from custody under the same conditions that existed before his detention.

///

///

///

///

///

///

**IT IS FURTHER ORDERED** that Respondents must provide a notice of compliance within two business days of Petitioner's release.

**IT IS FINALLY ORDERED** that any pending motions are denied as moot and the Clerk of Court shall enter judgment in Petitioner's favor and close this case.

Dated this 29th day of July, 2026.

James E. Marner
United States Magistrate Judge